UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **SEA BRIDGE MARINE, INC.** | **05-17400** |
| | SECTION A |
| DEBTOR | |
| | CHAPTER 7 |
| **CLAUDE C. LIGHTFOOT, JR.** | ADVERSARY NO. |
| PLAINTIFF | **07-1125** |
| VERSUS | |
| **AMELIA MARITIME SERVICES, INC., ET AL** | |
| DEFENDANTS | |

### REASONS FOR DECISION

On February 26, 2008, the Court heard (1) the Motion to Dismiss Adversary Proceeding under Rule 12(b)(6) filed by Continental Underwriters, Ltd. ("Continental") and (2) the Motion to Dismiss Certain Underwriters at Lloyds of London ("Lloyds") filed by Lloyds. The Court took the matter under advisement.

**I. Facts**

Sea Bridge Marine, Inc. ("Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code on August 24, 2005 ("Petition Date").[1] On the same day, Claude C. Lightfoot, Jr. was appointed chapter 7 trustee ("Trustee").

On August 18, 2007, Trustee filed a complaint to avoid and recover transfers ("Original Complaint") against North American Insurance Agency ("North American") and several other

---

[1] Bankruptcy case no. 05-17400.

defendants.[2]  Neither Continental nor Lloyds were listed as defendants.

On December 7, 2007, Trustee filed a second amended complaint adding Continental and Lloyds as defendants ("Amended Complaint") and seeking to avoid and recover fraudulent transfers pursuant to sections 548 and 550.[3]  Summons were issued to Continental and Lloyds on December 10, 2007.[4]  Continental was served by regular mail on December 12, 2007,[5] and Lloyds was served by regular mail on December 14, 2007.[6]

Trustee alleges that Continental and Lloyds received fraudulent transfers from Debtor in the amounts of $44,622.06 and $61,263.50.  The total amount Trustee seeks to recover from Continental and Lloyds is $105,885.56.

**II. Law and Analysis**

Continental and Lloyds seek to dismiss the Amended Complaint as being time barred pursuant to section 546, which provides:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of -
>    (1) the later of -
>       (A) 2 years after the entry of the order for relief; or
>       (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or election occurs before the expiration of the period specified in subparagraph (A); or
>    (2) the time the case is closed or dismissed.

---

[2] Docket no. 1.

[3] Docket no. 74.

[4] Docket nos. 75 and 76.

[5] Docket no. 87.

[6] Docket no. 88.

Because Trustee was appointed on August 24, 2005, and the case is still open, an action under section 548 is time barred 2 years from the Petition Date, or on August 24, 2007. The Amended Complaint was not filed until December 7, 2007 more than two years after Trustee's appointment.

Trustee maintains that the actions against Continental and Lloyds are not time barred because the Amended Complaint relates back to the filing of the Original Complaint on August 18, 2007. Federal Rule of Civil Procedure ("Rule") 15(c)(1)(C)[7] states:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The purpose of Rule 15(c) is "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."[8]

---

[7] Rule 15 is made applicable to this proceeding by F.R.B.P 7015.

[8] *Advanced Magnetics, Inc.v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997); *quoting* Rule 15 Advisory Committee Note (1991).

Trustee bears the burden of proof that the Amended Complaint sufficiently relates back to the Original Complaint.[9]

The Fifth Circuit has outlined what the Trustee must show:

An amended pleading under Rule 15(c) relates back to the date of the original pleading when the amendment changes the party or naming of the party against who a claim is asserted, *if*, but only if, (1) the claim asserted in the amended pleading arose out of the transaction set forth in the original pleading, (2) the party to be brought in by amendment received sufficient actual notice of the action within 120 days ... of its institution and will not be prejudiced in maintaining a defense on the merits because of relation back, and (3) the party brought in by amendment knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[10]

As for the first element, the Court finds that the claims against Continental and Lloyds arise our to the same transaction set forth in the Original Complaint.

Second, the Court also finds that Continental and Lloyds were served with the summons of the Amended Complaint within 120 days of the filing of the Original Complaint as the Original Complaint was filed on August 18, 2007, and Continental and Lloyds received service of the summons on December 12 and 14, 2007, respectively.

The parties dispute Rule 15(c)(1)(C)(ii): whether Continental and Lloyds "knew or should have know that the action would have been brought against [them], but for a *mistake* concerning the proper party's identity."[11]

Trustee asserts that a mistake concerning the proper party's identity was made because Trustee could not determine from a review of Debtor's records the substance or extent of the

---

[9] *Dodson v. Hillcrest Securities Corp.*, 95 F.3d 52, 1996 WL 459772 (5th Cir. 1996).

[10] *Id.*

[11] Rule 15(c)(1)(C)(ii) (emphasis added).

4

transactions between North American, Continental, Lloyds, and Debtor. Therefore, Trustee could not be certain that Continental or Lloyds received fraudulent or preferential transfers prior to the Petition Date.

In response, Continental and Lloyds produced a letter delivered by counsel for North American to counsel for Trustee dated August 6, 2007, along with attached invoices and payments.[12] Continental and Lloyds maintain that the correspondence establishes that Trustee knew or should have known of the relationship between North American, Continental, Lloyds, and Debtor ten days prior to filing.[13] Because Trustee possessed this information significantly prior to the filing of the Original Complaint, the fact that neither Continental nor Lloyds were named in the Original Complaint could not have been due to a mistake as to the identity of the proper parties.

*Randall's Island Family Golf Centers v. Acushnet Co.*[14] supports the position of Continental and Lloyds:

> Relation back usually depends on what the plaintiff knew about the identity and involvement of the added defendant when he filed the timely pleading. "If, at the time of filing the initial complaint, plaintiff knew of the identity and possible role of

---

[12] See attachments to docket no. 107. The substance of the letter outlines that North American was an insurance broker for Debtor, received insurance premiums on policies issued in favor of Debtor, retained commissions, forwarded premiums to Continental (and possibly other brokers), and then ultimately to Lloyd's who issued the policies.

[13] Continental's memo in support of its Motion to Dismiss states that the letter was sent by Fed-Ex, so presumably, Trustee's counsel received it on August 7 or 8, 2008. Also, Trustee's counsel admitted in the hearing that he received the letter 10 days prior to filing the Original Complaint.

[14] *Randall's Island Family Golf Centers v. Acushnet Co. (In re Randall's Island Family Golf Centers)*, 2002 WL 31496229 (Bankr.S.D.N.Y. 2002).

5

>the person whom plaintiff seeks to add as a defendant, there is no mistake for purposes of the relation back doctrine."[15]

Because the letter from counsel for North American to Trustee revealed the identity and roles of Continental and Lloyds with regard to the transaction in question, the Court finds that there was no "*mistake* concerning the proper party's identity."

>Generally, the intent of Rule 15(c) is "to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party."[16]

Trustee had notice at least ten days before filing the Original Complaint that Continental and Lloyds were potential parties, yet failed to include them as defendants until four months after the Original Complaint was filed. The Court finds undue delay on the part of Trustee[17] and that Trustee was not mistaken as to the proper party's identity. Accordingly, the Amended Complaint naming

---

[15] *Id.* at *3 (citation omitted).

[16] *In re Enron Corp.*, 361 B.R. 36, 41 (Bankr.S.D.N.Y. 2006); *quoting Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857-58 (9th Cir. 1986).

[17]
>While leave to amend is to be freely given when justice so requires, Fed.R.Civ.P. 15(a), it is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.

Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992) (citation omitted).

Continental and Lloyds as defendants does not relate back to the Original Complaint, and the Motions to Dismiss filed by Continental and Lloyds are GRANTED.

New Orleans, Louisiana, March 11, 2008.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge